IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**TIMOTHY JAMES HEWETT**                                                **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 3:05cv245HTW-JCS**

**MAUDE IRBY and JOHN DOES**                             **DEFENDANTS**

**MEMORANDUM OPINION**

On April 15, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On April 20, 2005, this court entered two orders in this action. One order advised the plaintiff about the Prison Litigation Reform Act and directed the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) if he wished to continue with this lawsuit, or a Notice of Voluntary Dismissal (Form PSP-4) if he did not wish to continue with this lawsuit, within thirty days. The second order entered on April 20, 2005, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or to file an affidavit specifically stating the name of the prison official contacted concerning the certificate and why this information is not provided to this court. The plaintiff was warned in both of these orders that if he failed to comply with the orders in a timely manner this case might be dismissed. The plaintiff has failed to comply with both of these orders.

On June 16, 2005, the plaintiff was ordered to show cause in writing, within fifteen days, as to why this case should not be dismissed for his failure to comply with this court's April 20, 2005, orders. The plaintiff was warned in the June 16, 2005, order that if he did not comply with

the order his case would be dismissed without prejudice and without further notice to him. The plaintiff failed to comply with this order.

The plaintiff has failed to comply with three court orders. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 27th day of July, 2005.

s/ HENRY T. WINGATE

_____
CHIEF UNITED STATES DISTRICT JUDGE